**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

MORGAN FABRICS CORP.                                                                                  PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:14-CV-234-SA-DAS

ACACIA DESIGN, INC.                                                                                  DEFENDANT

**ORDER**

Plaintiff filed a Motion for Preliminary Injunction [26], seeking to prohibit Defendant from selling fabric that allegedly infringes on Plaintiff's design. Defendant responded to the preliminary injunction motion on June 9, 2015, the final day of the Court-extended period for such a response. Because the response was not accompanied by a separate memorandum as required by the District's Uniform Local Civil Rules, the Clerk of Court issued a Notice of Correction on June 10, requesting that Defendant refile its response correctly. The same day, Defendant filed its memorandum opposing the preliminary injunction and attached a declaration of Anthony Teague, an individual who allegedly has knowledge and experience concerning both of the designs at issue in this case. The Teague declaration was not docketed until after the Clerk's Notice of Correction and after the deadline for Defendant's response had passed.

Plaintiff has filed a Motion to Strike [44] the Teague declaration as untimely. The Court finds that, in the interest of justice, the Teague declaration should not be stricken. Plaintiff has already taken the opportunity to lodge evidentiary objections to the Teague declaration, both in its Motion to Strike [44] and in a separately docketed entry [42].[1] Additionally, the Court has set a preliminary injunction hearing for September 9, 2015, at which time Plaintiff will be able to

---

[1] The Court notes that in addition to Defendant's objections to the Teague declaration, a significant number of other evidentiary objections have been lodged in respect to the requested preliminary injunction. The parties should be aware that the Court will consider the evidence it deems relevant to the decision and, at the preliminary injunction stage "may employ informal procedures and rely on generally inadmissible evidence . . . ." *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 451 (5th Cir. 2014) (quoting *Sierra Club, Lone Star Chapter v. F.D.I.C.*, 992 F.2d 545, 551 (5th Cir. 1993)).

more fully respond to any averments made in the Teague declaration. Thus, the Court finds the possibility that undue prejudice will be caused to Plaintiff by consideration of the declaration to be insubstantial. The Motion to Strike [44] is denied.

SO ORDERED, this the 20th day of August, 2015.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**