IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MORGAN FABRICS CORP.                                                    PLAINTIFF

V.                                                  CIVIL ACTION NO. 1:14-CV-234-SA-DAS

ACACIA DESIGN, INC.                                                     DEFENDANT

MEMORANDUM

Before the Court is Plaintiff Morgan Fabrics' Motion for Preliminary Injunction [26], in which it seeks to prevent Defendant Acacia Design, Inc. from selling fabric that allegedly infringes on Plaintiff's copyrighted fabric design. A hearing was held on September 9, 2015. After considering the motion, responses,[1] arguments, and pertinent authorities, the Court finds as follows:

*Facts and Procedural Background*

Plaintiff, a corporation based in Los Angeles County, California, sells fabrics used in the manufacture of home furnishings. Plaintiff introduced its bestselling CHAMPION fabric in 2010, and registered the fabric design with the United States Copyright Office effective July 2, 2010. According to Plaintiff's CEO Michael Gittelson, at the "end of 2011," Plaintiff decided to update its CHAMPION fabric to create a more consistent product. In furtherance of this goal, Plaintiff created a "new design" for which a separate copyright registration was filed, effective April 9, 2012. In order for the design to be consistently applied to its fabric materials, Plaintiff developed a

---

[1] Defendant filed a Motion for Leave to File a Sur-rebuttal [26] in opposition to the preliminary injunction, attaching the proposed sur-rebuttal thereto. The Motion for Leave [26] is GRANTED, and the Court has considered the sur-rebuttal where relevant.

laser-etched embossing roller that, when used, results in a reproducible fabric texture. The instant suit alleges infringement of the 2012 CHAMPION design, not the 2010 CHAMPION design.[2]

Defendant, a corporation based in Tupelo, Mississippi, also sells fabrics to furniture manufacturers. Defendant's bestselling product, KNOCKOUT, is manufactured by its Chinese supplier, using a similar embossing process to that used for Plaintiff's 2012 CHAMPION and likewise resulting in a textured design.

Plaintiff claims that Defendant's KNOCKOUT is simply a "knock off" of the 2012 CHAMPION design, and that by selling KNOCKOUT, Defendant is infringing on Plaintiff's copyright. The alleged infringement, Plaintiff argues, has caused tangible negative consequences to Plaintiff's sales and intangible negative consequences to its goodwill, reputation, and existing business relationships. Seeking to prevent this alleged harm, Plaintiff filed the pending motion for preliminary injunction, requesting the Court to enjoin Defendant's future sales of the KNOCKOUT fabric.

*Preliminary Injunction Standard*

A preliminary injunction is an extraordinary form of relief and requires the plaintiff to carry an onerous burden. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Trinity USA Operating, LLC, v. Barker*, 844 F. Supp. 2d 781, 785 (S.D. Miss. 2011) (commenting that "the enormity of the relief is difficult to overstate"). The ultimate function of employing such injunctive relief is merely to preserve the status quo until the case can be heard on its merits. *Morgan v. Fletcher*, 518 F.2d 236, 239 (5th Cir. 1975). In determining whether to preserve the status quo through a preliminary injunction, the Court is afforded judicial discretion, subject to

---

[2] When possible, the Court will refer to Plaintiff's designs separately as 2010 CHAMPION and 2012 CHAMPION. Where the design to which parties or witnesses refer is unclear from the record, the Court will simply use the term CHAMPION.

four elements enumerated by the Fifth Circuit in *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

To prevail on a motion for preliminary injunction under *Canal Authority*, a plaintiff must carry its burden in demonstrating that (1) it is substantially likely to prevail on the merits, (2) there is a substantial threat that it will suffer irreparable injury if the preliminary injunction is denied, (3) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) granting the preliminary injunction will not disserve the public interest. *Speaks v. Kruse*, 445 F.3d 396, 399-400 (5th Cir. 2006); *Howell v. City of New Orleans*, 844 F. Supp. 292, 293 (E.D. La. 1994); *see also Ne. Fla. Chapter of the Assoc. of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (enunciating that movant "must clearly carry the burden of persuasion as to the four prerequisites"). Moreover, even when a movant establishes each of the *Canal Authority* elements, the decision of whether to grant or deny preliminary injunctive relief is left to the discretion of the district court, and granting such relief remains the exception rather than the rule. *Digital Gen. Inc., v. Boring*, 869 F. Supp. 2d 761, 772 (N.D. Tex. 2012) (citing *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985)).

*Discussion and Analysis*

Because the first *Canal Authority* element, likelihood of success on the merits, is dispositive of the present motion, it is the only element necessary for the Court to address at this time. In order to succeed on the merits of a copyright infringement claim, Plaintiff must show "(1) ownership of a valid copyright and (2) unauthorized copying." *Hunn v. Dan Wilson Homes, Inc.*, 789 F.3d 573, 586 (5th Cir. 2015) (quoting *Peel & Co v. Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001)). Ownership of a valid copyright requires, among other things, that the registered material be an original work. *Geoscan, Inc. of Tex. v. Geotrace Techs., Inc.*, 226 F.3d 387, 392 (5th Cir.

3

2000) (citing *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991)). Unauthorized copying exists if the Defendant factually copied the Plaintiff's protected work, and the copying is legally actionable. *Peel*, 238 F.3d at 394-95.

Ownership of Valid Copyright

Defendant disputes that Plaintiff owns a valid copyright, arguing that the 2012 CHAMPION is not original and positing that the design is comprised of nothing more than "functional, and thus very common, squiggly snake-lines." The Fifth Circuit and United States Supreme Court have explained that a work is considered original, and will support a valid copyright, so long as the work "was independently created by the author (as opposed to copied from other works), and . . . it possesses at least some minimal degree of creativity." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995) (quoting *Feist Publ'ns v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 345, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)). Though the originality requirement "demands only a 'creative spark, no matter how crude, humble or obvious,' the level of creativity must be more than 'trivial.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 552 (5th Cir. 2015) (citing *Feist*, 499 U.S. at 359, 111 S. Ct. 1282).

In arguing that no originality is present, Defendant first highlights the declaration of its proposed expert Deborah Young, a professor of Textile Science at California State University. Young declares that Plaintiff's design is similar to many other fabrics, attached as exhibits to her declaration, that are modeled after elephant skin and rhinoceros skin. Common ideas such as animal skin belong to the public domain and are not capable of copyright protection. *See id.* at 551. Defense counsel also argued at the hearing on this motion that Plaintiff's textured design possesses no more originality than the texture appearing on a variety of different brands of paper

towels, and that one paper towel company would not have a viable copyright claim against another company for selling a similar white, textured design.[3]

The Court finds Defendant's arguments persuasive and notes that the originality required to create a pattern of "squiggly" lines is different from expressions to which copyright protection typically inheres, such as intricate floral patterns, *Peel*, 238 F.3d at 398, a musical composition, *see Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007), and paintings. *One Treasure Ltd., Inc. v. Richardson*, 202 F. App'x 658, 661 (5th Cir. 2006). Therefore, whether Plaintiff has met the low originality threshold is doubtful. *See Nola Spice Designs*, 783 F.3d at 552 (questioning whether "using bead-shaped spheres for a bead dog's collar is sufficiently original to merit copyright protection").

Unauthorized Copying

Assuming *arguendo* that Plaintiff's fabric design can be viewed as an "original" and copyrightable work, Plaintiff must additionally establish the existence of unauthorized copying. When, as here, there is no direct evidence, Plaintiff must show factual copying with proof that (1) Defendant had "access" to the copyrighted work before the infringing work was created and (2) the two works are probatively similar. *See Peel*, 238 F.3d at 394; *Corwin*, 475 F.3d at 1253. Not all copying, however, is unlawful. *Id.* at 398. For factual copying to be unauthorized and thus legally actionable as "[t]o support a claim of copyright infringement, the copy must bear a substantial similarity to the protected aspects of the original." *Id.* Defendant does not deny that the two fabrics, when viewed on the whole, share common characteristics such as color and feel for purposes of probative similarity. But Defendant does contest the notions that it had access to

---

[3] Plaintiff asserts that paper towels are functional items that would not qualify for copyright protection in any event, different from its fabric design here. But while the paper towel itself may not qualify for copyright protection, an elaborate design appearing on paper towels could easily qualify as non-functional, original expression, as the artistic elements of the design would be separable from the utility of the paper towel. *See Galiano v. Harrah's Operating Co.*, 416 F.3d 411, 419 (5th Cir. 2005). Thus, Defendant's above paper towel analogy is well taken.

5

Plaintiff's design and that the KNOCKOUT design bears a substantial similarity to the 2012 CHAMPION's protected aspects, i.e., the fabric *design*.

*Access*

To establish access under Fifth Circuit precedent, Plaintiff is required only to demonstrate "a reasonable possibility of access" on the part of Defendant. *Id.* at 395 (citing *Ferguson v. Nat'l Broadcasting Co.*, 584 F.2d 111, 113 (5th Cir. 1978)). But neither a "bare possibility" of access, nor mere "speculation or conjecture" will suffice. *Armour*, 512 F.3d at 152-53 (citation omitted).

Plaintiff first attempts to demonstrate access through the activities of a former employee of Lane Furniture, Michael Herman. Herman acknowledges that while at Lane Furniture, he saw "literally thousands of fabrics from dozens of manufacturers each year . . . ." And according to one of Plaintiff's sales representatives, Lane Furniture had been provided with samples of Plaintiff's CHAMPION fabric while Herman worked there. Hermann allegedly went to work for Defendant in 2011 after his time at Lane Furniture.

To further demonstrate the requisite access, Plaintiff relies on its allegedly widespread marketing activities. According to the declaration of Plaintiff's CEO Michael Gittelson, Plaintiff markets the 2012 CHAMPION design through its showroom in High Point, North Carolina, "the industry 'Showtime' event," and at finished fabrics conventions in Las Vegas and other locations. Additionally, Gittelson states, Plaintiff and its sales representatives often provide product samples to customers and prospective customers.

A flaw in both of Plaintiff's arguments regarding access lies in the timeline of events surrounding the creation of the 2012 CHAMPION and KNOCKOUT designs. According to Gittleson, Plaintiff did not decide to create its new 2012 CHAMPION design until "the end of 2011." Guoping Wang, the sales coordinator for Defendant's Chinese supplier, avers that the pattern copy used to generate the KNOCKOUT fabric was created at least several months earlier,

6

by January 5, 2011. Though Plaintiff takes issue with the veracity of Wang's affidavit, no evidence has been proffered to contradict it. In other words, the unrebutted evidence shows that Defendant's allegedly infringing design was under development before Plaintiff's design came into existence.[4] Because Plaintiff is required to come forth with proof that Defendant had access to its work "prior to creation of the infringing work[,]" the Court finds it unlikely that Plaintiff will be able to succeed in demonstrating access. *Peel & Co., Inc.*, 238 F.3d at 394.

*Substantially Similar*

Even if Plaintiff were able to demonstrate that Defendant had access to its design, it faces another hurdle to establishing unauthorized copying, i.e., proving that the two works are substantially similar.[5] *Peel*, 238 F.3d at 398. Substantial similarity must exist with respect to the "protected aspects of the original." *Id.* The protected aspects to which copyright protection extends consist only of "those components of a work that are original to the author." *Feist*, 499 U.S. at 348, 111 S. Ct. 1282. In determining whether the allegedly infringing work bears a substantial similarity to the protected aspects of the original, the Fifth Circuit applies the "ordinary observer or audience test . . . ." *Peel*, 238 F.3d at 398. Under this test, two works are substantially similar if a layman would detect piracy "without any aid or suggestion or critical analysis by others. The reaction of the public to the matter should be spontaneous and immediate." *Id.*

As appearing on the fabric, the 2012 CHAMPION design contains longer "squiggly" lines, whereas the KNOCKOUT design contains more spherical bumps, similar to moguls on a ski slope. Moreover, where an original work possesses a low degree of creativity, as is the case here,

---

[4] When pressed on this issue at the hearing, Plaintiff's counsel responded that the 2010 CHAMPION design was in existence before January 2011. Of course, infringement of the 2010 CHAMPION design has not been alleged.

[5] The Fifth Circuit has recognized an exception to the general framework for assessing copyright infringement where the copyright owner is unable to demonstrate that the alleged infringer had access to the copyrighted design. In such cases, the plaintiff may be excused from showing access by "demonstrating that his original work and the putative infringing work are 'strikingly similar[,]'" *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (5th Cir. 2007), such that "copying is the only realistic basis for the similarities at hand[.]" *Armour v. Knowles*, 512 F.3d 147, 156 n.19 (5th Cir. 2007).

the work's "minimal originality counsels against a finding of substantial similarity." *Nola Spice*, 783 F.3d at 552.

Given the apparently minimal originality involved, the differences in the two designs at issue, and the unrebutted evidence that Defendant's design was created before Plaintiff's 2012 design, the Court finds that Plaintiff has not shown a substantial likelihood of prevailing on its infringement claim. Where no such showing has been made, "it is unnecessary to address the remaining [*Canal Authority*] elements required for preliminary injunctive relief." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 400 (5th Cir. 2013) (citing *La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 225 (5th Cir. 2010)). Accordingly, the requested preliminary injunction shall not issue.

*Conclusion*

For the above reasons, Plaintiff's Motion for Preliminary Injunction [26] is DENIED. Plaintiff has not demonstrated a substantial likelihood of prevailing on the merits of its copyright infringement claim, and has thus failed to satisfy the standard for the issuance of a preliminary injunction set forth in *Canal Authority*. A separate order to that effect shall issue today.

SO ORDERED, this 9th day of October, 2015.

**/s/ Sharion Aycock**  
**UNITED STATES DISTRICT JUDGE**